NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANCES MILTON,                          :

        Plaintiff,       :
                            Civil Action No. 04-463(JWB)
      v.                 :
                            **O P I N I O N**
COMMISSIONER OF                          :
SOCIAL SECURITY,
                        :

        Defendant.       :

                        :

**APPEARANCES**:

LOMBARDI AND LOMBARDI
By:  Neil A. Malvone, Esquire
1862 Oak Tree Road
P.O. Box 2065
Edison, New Jersey  08818-2065
(Attorneys for Plaintiff)

CHRISTOPHER J. CHRISTIE
United States Attorney
District of New Jersey
By:  Karen M. Ortiz
     Special Assistant U.S. Attorney
Social Security Administration
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, New York  10278
(Attorney for Defendant)

**BISSELL**, Chief Judge

    This matter is brought before the Court on an appeal by plaintiff Francis Milton to review the final determination of the Commissioner of Social Security, which denied plaintiff's

application for supplemental Security Income Benefits and Disability Insurance Benefits under the Social Security Act, 42 U.S.C. § 423, et seq.  The Court has jurisdiction over this matter pursuant to 42 U.S.C. §§ 405(g) and 1383(g).

## FACTS

The claimant, Frances Milton ("claimant") is a 48-year-old female with a high school education and a certificate in secretarial science.  (See Plaintiff's Br. at 2).  Claimant previously worked as a court clerk.  (See id.)  She alleges that she cannot work due to a combination of cervical, lumbar, upper extremity and psychological impairments.  (See id.)

The claimant states that her back pain began in March 1998, after she was involved in an automobile accident.  (See Tr. at 225).  In December of 1998, claimant first met with Dr. Lombardi, complaining of pain in the cervical and lumbar spine.  (See id.)  In January 1999, she had pain located in the lumbar area across the lower back.  (See id. at 226).  An MRI revealed early degenerative disc disease at L4-L5 with small disc protrusion with an annular tear, but there was no observable root compression or displacement.  (See id.)  In March 2000, a myelogram CT scan showed only mild diffuse disc bulge at the L4-L5 level with no focal disc herniation, central stenosis or nerve root encroachment.  (See id. at 229).  An MRI of the cervical spine was normal.  (See id.)  In June 2000, a discography came

-2-

back negative.  (See id.)

In an effort to relieve her pain, the claimant underwent "physical therapy, cervical and lumbar injections, and nerve root blocks." (Id. at 15).  Dr. Lombardi opined that the claimant would not require surgery.  (See id. at 230).  In August 2000, he referred her to Kessler Institute for Rehabilitation.  (See id.) Dr. Lombardi stated that claimant was only able to sit for 15 minutes, stand for 15 minutes and ride in a car for 30 minutes, and that she had difficulty sleeping due to the severe back pain. (See id. at 258).

The claimant was unhappy with the treatment she received at the Kessler Institute; therefore, she began seeing Dr. Kaufman in November 2000.  (See id at 230).  Upon examination, Dr. Kaufman "found no spasm but diffuse pain to palpation from L3 to the sacrum." (Id. at 141).  In December 2000, facet joint blocks were administered.  (See id. at 138).  However, pain persisted and claimant was prescribed Oxycontin.  (See id. at 136).  She was subsequently prescribed methadone, morphine and MS Contin. (See id.)  On January 16, 2001, Dr. Kaufman reported that the claimant appeared in no acute distress.  (See id.)  On September 21, 2001, Dr. Kaufman spoke to the patient about the long term use of narcotic medications and, because "no true etiology" had been found, he recommended yoga classes. (See id. at 134).

Claimant again met with Dr. Lombardi on October 19, 2001.

-3-

(See id. at 230).  Dr. Lombardi informed claimant that she had to discontinue using narcotic medications and recommended alternative methods for eliminating pain.  (See id. at 231).  Dr. Lombardi informed claimant that she was permanently disabled due to pain.  (See id.)

Claimant reported during an orthopedic consultative examination that she was able to watch television, cook and go shopping.  (See id. at 207).  However, at the ALJ hearing, claimant testified that she needed help with cooking and shopping.  (See id. at 270).  Claimant estimated that she could lift 10 pounds, but later said that lifting a gallon of milk was difficult.  (See id.)  Claimant is able to sit for about 30 minutes but it depends on the weather and how she slept the night before.  (See id. at 271).  She uses a wooden cane at times, but the cane was never prescribed by a doctor.  (See id.)  Claimant states that she spends most of her day lying on the couch or bed with moist heat, she is in bed 30-40 percent of the time.  (See id. at 272).  Claimant is currently collecting retirement benefits from the State of New Jersey.  (See id. at 275).

## PROCEDURAL HISTORY

Claimant applied for Disability Insurance Benefits with a protective filing on October 27, 2000, alleging that she was disabled due to back pain.  (See Defendant's Answer at 2).  The claim was denied at both the initial and reconsideration levels.

-4-

(See id.)  Claimant then requested a hearing before an Administrative Law Judge, which was held on September 3, 2003 before Administrative Law Judge Dean W. Determan ("the ALJ" or "ALJ Determan").  (See id.)  On September 22, 2003 the ALJ, after considering the matter de novo, issued a written decision finding that the claimant was not disabled during the relevant period. (See id.)  On May 14, 2004, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied claimant's request for review.  (See id.)  Thereafter, the claimant filed the instant action in this Court.

<b>DISCUSSION</b>

## I.  District Court's Standard of Review

Findings of fact by the ALJ must be accepted as conclusive by a reviewing court if they are supported by substantial evidence.  See Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981) (citing Lewis v. Califano, 616 F.2d 73, 76 (3d Cir. 1980) and 42 U.S.C. § 405(g)).  "Substantial evidence is such relevant evidence as a reasoning mind might accept as adequate to support a conclusion."  (Id.)  A finding of substantial evidence necessitates "more than a mere scintilla of evidence but less than a preponderance."  Dobrowosky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).

In reviewing the decision of the ALJ, the court "need[s] from the ALJ not only an expression of the evidence [he]

-5-

considered which supports the result, but also some indication of the evidence which was rejected." <u>Cotter</u>, 642 F.2d at 705 ("In the absence of such an indication the reviewing court cannot tell if significant probative evidence was not credited or simply ignored."); <u>see</u> <u>also</u> <u>Walton v. Halter</u>, 243 F.3d 703, 710 (3d Cir. 2001) (collecting cases in support of this proposition).

However, in deciding whether the ALJ's decision is supported by substantial evidence, the court may not weigh the evidence or substitute its judgment for that of the ALJ, even if the court might have reached a different conclusion. <u>See</u> <u>Williams v. Sullivan</u>, 970 F.2d 1178, 1182 (3d Cir. 1992). If the record, read as a whole, would allow a reasonable mind to accept the conclusions reached by the ALJ, the court must uphold his or her determination. <u>See</u> <u>Brown v. Bowen</u>, 845 F.2d 1211, 1213 (3d Cir. 1988) (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)) (internal citation omitted). Therefore, if the ALJ's decision is supported by substantial evidence, it must be affirmed. <u>See</u> <u>e.g.</u>, 42 U.S.C. § 405(g); <u>Richardson</u>, 402 U.S. at 401.

<u>A.   Statutory and Regulatory Standard for Disability</u>

To meet the disability requirement of 42 U.S.C. § 423(d) a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... had lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §

423 (d)(1)(A).  An impairment is not disabling unless it is of
such severity that the claimant "is not only unable to do his
previous work but cannot, considering his age, education, and
work experience engage in any other kind of substantial gainful
work ... in the national economy."  42 U.S.C. § 423(d)(2)(A).  To
prove the existence of a disability, a claimant must present
evidence that his condition "results from anatomical,
physiological, or psychological abnormalities which are
demonstrable by medically accepted clinical and laboratory
diagnostic techniques.

An ALJ considering a claim for Social Security benefits must
undertake a five-step sequential evaluation process, which is set
forth in 29 C.F.R. § 404.1520.  First, if the claimant is working
and the work constitutes substantial gainful activity, the ALJ
must find that the claimant is not disabled regardless of his
medical condition, age, education or work experience.  20 C.F.R.
§ 404.1520(b).  Second, the ALJ must determine whether the
claimant has a severe impairment which significantly limits his
or her physical or mental ability to do basic work activity.  20
C.F.R. § 404.1520(c).  Third, if a severe medical impairment is
present and matches an entry on the list of impairments set forth
in 20 C.F.R. part 404, subpart 4, app. 1, the ALJ must enter a
finding of disability without further consideration.  20 C.F.R. §
404.1520(d).  Fourth, if a claimant's severe medical impairment

is not listed in 20 C.F.R. part 404, subpart 4, app. 1 and the ALJ finds that the claimant retains the residual functional capacity to perform past relevant work, the ALJ must find that the claimant is not disabled.  20 C.F.R. part 404.1520(e). Fifth, if, however, the claimant cannot perform past relevant work, the ALJ must consider other factors including the claimant's residual functional capacity, age, education and past work experience to determine if the claimant can perform other work in the national economy.  20 C.F.R. § 404.1520(f).

## II.  Review of ALJ's Analysis and Conclusions

ALJ Determan held that the claimant met the nondisability requirements for a period of disability.  (See Tr. at 17).  ALJ Determan also found claimant met the requirements for Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and that she was insured for benefits through the date of the ALJ's decision.  (See id.)  ALJ Determan determined that the claimant had not engaged in substantial gainful activity since the alleged onset of the disability.  (See id.)  Further, the ALJ determined that the claimant had an impairment or at least a combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(b). (See id.)  However, ALJ Determan concluded that, "[t]hese medical impairments do not meet or medically equal one of the listed impairments in Appendix 2, Subpart P,  Regulation No. 4." (Id.)

-8-

In support of this conclusion, ALJ Determan, "carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments." (<u>Id</u>.)  The ALJ found that the claimant's allegations regarding her injuries were "not totally credible." (<u>Id</u>.)  ALJ Determan held that the claimant is capable of "sedentary work." (<u>Id</u>.)

Claimant previously worked as a court clerk and in the ALJ's opinion, a "court clerk did not require the performance of work-related activities precluded by her residual functional capacity." (<u>Id</u>.)  ALJ Determan found that degenerative disc disease, subligamentous tear and sciatica do not prevent the claimant from performing her previous work. (<u>See</u> <u>id</u>.) Therefore, the ALJ concluded that the claimant was "not under a 'disability' as defined in the Social Security Act, at any time through the date of the decision." (<u>Id</u>.)

### III.  Claimant's Arguments

Claimant contends that the government failed to "properly take into account the substantial medical evidence that claimant is unable to engage in any gainful activity." (Plaintiff's Br. at 3).  Claimant argues that a proper review of claimant's medical records would reveal that she has an impairment that is equivalent to a listed impairment in accord with the third step of the five-step analysis. (<u>See</u> <u>id</u>.)  According to the claimant, the medical records confirm that claimant's impairment equals

listed impairment 1.04(A) contained in appendix I, Subpart P, Regulation No. 4.[1]  (<u>See</u> <u>id</u>.)  Claimant offers the reports of Dr. David Weiss, dated January 19, 2004, and Dr. Richard Rubin, dated December 8, 2003, in support of her position.  (<u>See</u> <u>id</u>. at 4).

## IV.  Analysis

A.  The ALJ Properly Found
<u>that Plaintiff was not Disabled</u>

The gravamen of claimant's appeal is that if a proper review was completed by the ALJ, plaintiff would have been deemed "disabled" and thus entitled to Social Security benefits.  This Court finds, however, that a review of the ALJ's step three analysis demonstrates that he did consider the pertinent medical evidence and stated his analysis in sufficient detail, thereby

---

[1]     Appendix I, Subpart P. Regulation No. 4 (Impairment 1.04(A)) states:

*Disorders of the spine* (e.g. herniated nucleus pulposus, spinal arachnoids, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or spinal cord.  With:

A.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight leg test (sitting and supine).

complying with the requirements set forth in 20 C.F.R. § 404.1520.  The ALJ found that the claimant did suffer severe impairments (degenerative disc disease, a subligamentous tear and sciatica), but that these impairments did not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  (See Tr. at 17).

In a well-reasoned decision, the ALJ referred to an extensive recitation of both medical reports and the claimant's own testimony.  (See id.)  Specifically, the ALJ detailed Dr. Kaufman's assessment, in which Dr. Kaufman stated that the claimant "appeared in no acute distress" and that there was "no true etiology" for the claimant's pain.  (Id. at 15).  Dr. Kaufman's medical recommendation was yoga classes.  (See id.)

The claimant's other physician, Dr. Lombardi, took her off of the narcotic medications and recommended alternative methods of pain control.  (See id.)  Furthermore, Dr. Lombardi's tests revealed that claimant's leg raising was positive, muscle strength was full, sensory and reflex testing was normal and that the claimant walked with a normal gait.  (See id.)

The ALJ questioned whether the claimant's allegations regarding her limitations were credible.  (See id. at 17). Claimant reported during an orthopedic consultative examination that she was able to watch television, cook and go shopping. (See id. at 15).  However, at the ALJ hearing, claimant testified

-11-

that she needed help with cooking and shopping.  (See id.)
Claimant estimated that she could lift 10 pounds, but later said
that lifting a gallon of milk was difficult.  (See id.)  Claimant
also admitted to using a cane even though one was never
prescribed by a physician.  (See id. at 271).

Findings of fact by the ALJ must be accepted as conclusive
by a reviewing court if they are supported by substantial
evidence.  See Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)
(citing Lewis v. Califano, 616 F.2d 73, 76 (3d Cir. 1980), and 42
U.S.C. § 405(g)).  In spite of the fact that Dr. Lombardi
considered claimant disabled, the regulations provide that such a
statement by a medical expert does not require the Commissioner
or government to take that opinion as law.  See 20 C.F.R. §
404.1527(E).  Moreover, C.F.R. § 404.1527(e)(1) states, "[W]e are
responsible for making the determination or decision about
whether you meet the statutory definition of disability."  ALJ
Determan was within his statutory power to conclude that
claimant's impairments do not meet or medically equal one of the
listed impairments in Appendix 1, Subpart P, Regulation No. 4.
Therefore, claimant's argument must fail.

B.  Subsequent Medical Reports

Claimant offers the reports of Dr. David Weiss, dated
January 19, 2004, and Dr. Richard Rubin, dated December 8, 2003,
in support of her position that she is unable to engage in

-12-

substantial gainful activity.   (See Plaintiff's Br. at 4).   Both
reports post-date the ALJ's decision (September 22, 2003) and Dr.
Weiss's report post-dates the Appeals Council's decision
(December 17, 2003).

The Appeals Council will consider new and material evidence
that is submitted, which relates to the period on or before the
ALJ decision.   20 C.F.R. §§ 404.970 and 404.976(b).   The claimant
must show that the evidence is,

> (1) 'new' and not merely cumulative of what
> is already on the record and that it is (2)
> material, that is, both relevant to the
> claimant's condition during the time period
> for which benefits were denied and probative.
> The concept of materiality requires,   in
> addition, a reasonable possibility that the
> new evidence would have influenced the
> [Commissioner] to decide the claimant's
> application differently.   Finally, the
> claimant must show (3) good cause for her
> failure to present the evidence earlier.

Carballo o/b/o Cortes v. Apfel, 34 F. Supp. 2d 208, 223 (S.D.N.Y.
1999) (citing to Tirade v. Bowen, 842 F.2d 494, 497 (2d Cir.
1988)).   The reports of Dr. Weiss and Dr. Rubin offer neither new
nor material evidence.   Furthermore, good cause has not been
shown for why the evidence was not presented earlier.   The
evidence is not "new" because it is similar to Dr. Lombardi's
analysis.   The evidence is not material because it does not
relate to the period on or before the ALJ's decision.   Moreover,
it is unlikely that this evidence would have influenced the
Commissioner's decision.   Hence, these reports will not be

-13-

considered by this Court.

**<u>CONCLUSION</u>**

For the foregoing reasons, the ALJ's decision is affirmed and claimant's appeal is denied.


/s/   John W. Bissell
                                        JOHN W. BISSELL
                                         Chief Judge
                            United States District Court



DATED:  June 28, 2005